**WO**                                                                                                   MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Camilo Vidal Amador,

                  Petitioner,

v.

William Barr, et al.,

                  Respondents.

No. CV-20-00801-PHX-MTL (JFM)

**ORDER**

       Petitioner Camilo Vidal Amador (A# 203-700-153), who is detained in the CoreCivic Eloy Detention Center in Eloy, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (Doc. 11). Petitioner has also filed a Motion for Temporary Restraining Order and Preliminary Injunction (Docs. 11-1, 11-2), which the Court construes as a motion to stay removal. The Court will enter a temporary stay of removal and call Respondents to answer the Petition.

**I.    Background**

       Petitioner is a native and citizen of Cuba. On or about August 6, 2019, he and his wife applied for admission into the United States at the DeConcini Port of Entry in Nogales, Arizona. (Doc. 11-4 at 13-14, 61.) They were then taken into custody by the United States Department of Homeland Security ("DHS") and charged as inadmissible to the United States pursuant to Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as aliens not in possession of a valid entry document at the time of application for admission. (*Id.*) They expressed a fear of persecution or torture if returned

to Cuba and were each referred for removal proceedings.

On October 21, 2019, an Immigration Judge denied Petitioner's application for asylum, withholding of removal, and protection under Article III the United Nations Convention Against Torture and ordered him removed from the United States. (Doc. 11-4 at 2-3.) Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 5-10.) On November 8, 2019, however, his wife was granted asylum (*id.* at 12), and on December 6, 2019, Petitioner withdrew his appeal "under the mistaken belief that he could become a derivative under his wife's asylum grant" (Doc. 11 at 10; Doc. 11-4 at 18-24.) On January 30, 2020, Petitioner filed an application with United States Citizenship and Immigration Services ("USCIS") to be classified as a derivative of his wife's asylum application (*id.* at 26-41, 46), and on February 13, 2020, he filed a motion to reopen with the BIA (*id.* at 43-48). Petitioner concurrently filed a motion to stay his removal, which the BIA denied on February 26, 2020. (*Id.* at 50-73.) Petitioner then filed a request to stay his removal with DHS, which was also denied on March 25, 2020. (*Id.* at 75-88.)

**II. Petition**

In his Petition, Petitioner names United States Attorney General William Barr, Acting United States Immigration and Customs Enforcement Phoenix Field Office Director Albert Carter, Acting DHS Secretary Chad Wolf, Acting USCIS Director Kenneth Cuccinelli, and Eloy Detention Center Warden Fred Figueroa. Petitioner brings six grounds for relief.

In Grounds One through Three, Petitioner claims that the denial of his requests for a stay of removal while his motion to reopen is pending, and his removal from the United States before his motion has been adjudicated, violates the INA, the implementing regulations, the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Suspension Clause.

In Grounds Four through Six, Petitioner claims his continued detention violates the Due Process Clause of the Fifth Amendment. Petitioner alleges he has a medical condition that places him at high risk of suffering a severe illness were he to contract COVID-19 and

claims that: (1) Respondents have affirmatively placed Petitioner in danger by detaining him in conditions that risk his exposure to COVID-19, and have acted with deliberate indifference to that known and obvious danger; (2) Respondents, who have a "special relationship" with Petitioner that requires Respondents to provide him with reasonable medical care and safety, have detained Petitioner in conditions that put him at substantial risk of exposure to COVID-19 and suffering serious harm; and (3) the conditions under which Petitioner is detained amount to punishment.

Petitioner asks the Court to: (1) issue a writ of habeas corpus ordering his immediate release from detention or, in the alternative, issue an injunctive order immediately enjoining Respondents from detaining him; (2) enjoin Respondents from removing him from the United States; (3) declare that "the process as applied to Petitioner[] by Respondents violates the Suspension Clause, the Due Process Clause of the Fifth Amendment, the Fourth Amendment, the INA, the APA, and federal regulations;" (4) order Respondents "to pursue a constitutionally adequate process to justify adverse immigration actions against Petitioner" and "follow the applicable rules, regulations, law, and the constitution related to asylum and the credible fear process"; (5) order Respondents to file a return within three days pursuant to 28 U.S.C. § 2243; (6) order Respondents to provide notice prior to removal; and (7) award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act.  (Doc. 11 at 37-38.)

The Court asks that Respondents Barr, Carter, Wolf, Cuccinelli, and Figueroa to answer the Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief.

**III.   Motion**

Petitioner moves the Court to stay his removal from the United States while this action is pending.  (Docs. 11-1, 11-2.)  Petitioner states that DHS has advised him that it would begin the process to execute his removal on April 24, 2020.  (Docs. 11-2 at 8; 11-4 at 90.)

The Ninth Circuit Court of Appeals has mandated that "a petitioner seeking a stay

of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

The Court will enter a temporary stay of removal. Petitioner has raised legal challenges to the process leading to his removal which, if true, present a substantial case on the merits. *See, e.g., Diaz-Amezcua v. Barr*, 402 F. Supp. 3d 963 (W.D. Wash. Sept. 9, 2019). This is, of course, without prejudice to Respondents demonstrating the contrary. Because removal would deprive him of the relief he seeks – asylum in the United States – he has also shown that it is probable that he would suffer irreparable harm absent a stay. Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until the parties have had an opportunity to brief the Petition and will facilitate a considered review of their arguments by the Court and a reasoned decision on the issues presented. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Docs. 11-1, 11-2), construed as a motion to stay removal, is **granted**. Respondents are **enjoined** from removing Petitioner Camilo Vidal Amador (A# 203-700-153) from the United States pending further order of this Court.

(2) The Clerk of Court shall **email** a copy of this Order to the Immigration TRO Distribution List.

(3) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (Doc. 11), and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United

States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, Carter, Wolf, Cuccinelli, and Figueroa pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4)  Respondents Barr, Carter, Wolf, Cuccinelli, and Figueroa shall have **30 days** from the date of service to answer the Petition (Doc. 11).  Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(5)  Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply.  Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer.

(6)  Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(7)  This matter is **referred** to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 5th day of May, 2020.

Michael T. Liburdi
United States District Judge

TERMPSREF